## SULLIVAN v. SULLIVAN.

### SAME v. SAME.

Plaintiff sued defendant for assault and slander, and defendant demurred for improper joinder of actions. Within twenty days thereafter, plaintiff served an amended complaint for assault and battery, as a substitute for the first complaint, and served a new summons and complaint for slander. *Held,*—

1. That the plaintiff had a right to serve his amended complaint, and that the additional allegation of battery, even if a new cause of action, would not justify a dismissal of the complaint, which was good at least as to the assault.

2. That the defence of another action pending interposed in the slander suit could not avail unless proved; but there was no other action for slander then pending, as the substituted complaint was only for assault and battery.

Before PRESSLEY, J., Greenville, April, 1885.

Action by Joseph W. Sullivan against Hewlet Sullivan. The opinion fully states the case.

*Messrs. Perry & Heyward,* for appellant.

*Mr. Geo. Westmoreland,* contra.

March 26, 1886. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. These cases were heard together. They were originally commenced as one with a "complaint for assault and for slander." The defendant demurred upon the ground that the causes of action were improperly united, and within twenty days after service of the demurrer the plaintiff voluntarily amended his complaint by dividing the action. On the new and separate complaint for "assault," which was regularly served on the defendant, there was endorsed a notice, "that the plaintiff serves the above complaint as a substitute by way of amendment to the complaint heretofore served upon you on the 24th day of December, 1884." This substitute contained allegations of a battery which did not appear in the original complaint, and the

defendant moved to strike out the whole complaint, upon the ground that, being a new cause of action, it could not be set up in an amended pleading. The Circuit Judge refused the motion, and the appeal from that order is the first case stated.

A new and separate action was also brought and regularly served "for slander," to which the defendant answered with a general denial, and also setting up the defence, that "another action was pending for the same cause." When the case was reached on the calendar, the defendant's counsel moved to dismiss the complaint on the ground taken in his answer, that there was another action for the same cause pending. It does not appear that the original complaint, which had been divided, was before the court, or that there was any evidence upon the subject. The Circuit Judge also refused this motion, and the appeal from that order is the other case stated.

The defendant appeals, alleging error of law in refusing the motion in both the cases stated.

. First. The demurrer to the original cause of action was under the fifth subdivision of section 165 of the Code, alleging that several causes of action were improperly united. By that section, it is provided that if the court sustains such a demurrer, it may, in its discretion, require the action to be divided into as many actions as may be thought necessary to their proper determination. In that case, the original action here would have been divided into two—one for "assault," and the other for "slander." The plaintiff, however, did not wait for the order of court sustaining the demurrer, but acquiesced in its correctness, and within twenty days, and before the period for answering it had expired, he chose to avail himself of the provision which allows as a matter of course voluntary amendments. This he did by dividing the original complaint, as the court hearing it would have done, which, we take it, he had the right to do, as it was not made to appear that it was done for delay, that being the only limit to the right by the terms of the section.

But it seems that in the action for "assault," the occasion was taken to add allegations also of a battery, which did not appear in the original complaint, and for that reason the defendant moved to strike out the whole complaint. The section (193) of the Code,

which, under certain conditions, allows voluntary amendments, does not in terms fix the character of the amendments thus allowed. But section 194, as to amendments by the court, does seem to indicate that under the form of amendment a wholly different cause of action cannot be substituted in place of the one which the party attempted to set up in the original pleading. See *Trumbo* v. *Finley*, 18 *S. C.*, 316. But if it be assumed (as to which it is unnecessary to express any opinion here), that the same rule should apply to voluntary amendments as matter of course, necessarily made in the first stages of a case, we cannot say that an amended complaint, charging "assault and battery," was wholly different from one charging "assault" alone. To a certain extent it was the same, and in any view the amended complaint was good at least as to the assault; and, therefore, the Circuit Judge committed no error of law in refusing a motion to strike out and dismiss the whole complaint.

Second, as to the other case. The allegation in the answer of the defendant, that there was a former suit pending for the same cause of action, was, in effect, a plea of new matter, which, in the first place, could have no force until it was proved as new matter. There was no proof of the fact alleged, and, as we think, could not have been; for after the division of the original action, there was no other suit pending "for slander," of which the defendant was fully informed, by the written notice in the first case, that said complaint was served upon him "as a substitute by way of amendment to the complaint heretofore served on him December 24, 1884."

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases stated in the caption, be affirmed.